**QI AN ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3119–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Oleh R. Tustaniwsky, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, Texas, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Qi An Zhu, a citizen of the People's Republic of China, seeks review of a June

8, 2006 order of the BIA affirming the February 11, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying Zhu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi An Zhu,* No. A96 334 574 (B.I.A. June 8, 2006), *aff'g* No. A96 334 574 (Immig. Ct. N.Y. City Feb. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the BIA's opinion and the IJ's decision including the portions of the IJ's opinion not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005).

Upon our review of the record, we conclude that the IJ's denial of Zhu's asylum application on the basis of an adverse credibility finding is supported by substantial evidence. There was substantial evidence to support the IJ's finding that Zhu's assertion that he obtained a statement from his girlfriend and her identification card despite his claims that he lost contact with her in 2003 was implausible. Because the IJ's conclusions are not based on flawed reasoning, speculation or conjecture, she reasonably relied on them to support her adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 (2d Cir.2006).

The IJ also found Zhu's claim implausible in light of the fact that he had attempted on three separate occasions within a ten month period to be smuggled into the United States. Zhu admitted to leaving China once in December 2002 and once in February 2003, both of which were prior to the alleged incidents of persecution in August 2003. He also stated that he did so because Chinese Communist Party members did not respect human rights. In light of the other implausibilities identified by the IJ, it was not impermissibly speculative for the IJ to question the veracity of Zhu's claim that an entirely separate event spurred his third departure from China. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007).

In view of the record as a whole, we cannot disturb the agency's adverse credibility finding, which formed a proper basis for its denial of Zhu's asylum application. We need not reach the agency's alternative finding that, even if credible, Zhu did not establish that any persecution he suffered was on account of a protected ground.

Because Zhu failed to exhaust his administrative remedies before the BIA with respect to his withholding of removal and CAT claims, this Court lacks jurisdiction to review them and the petition is dismissed with respect to those claims. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.